CITY OF BEATRICE ET AL. V. BRETHREN CHURCH OF BEATRICE.

FILED JUNE 26, 1894. No. 6896.

1. Municipal Corporations: SPECIAL ASSESSMENTS: CHURCH PROPERTY: EXEMPTIONS. The exemptions provided by section 2, article 9, of the constitution of Nebraska are solely with reference to taxes assessed by valuation for general purposes, and have no applicability to special assessments or special taxation of property benefited for local improvements under authority of section 6 of the same article.

2. ———: ———: ———. Chapter 14 of the Session Laws of 1887, in so far as it relates to the above subject, is construed in harmony with the construction given the sections just referred to.

ERROR from the district court of Gage county. Tried below before HASTINGS, J.

The facts are stated by the commissioner.

*E. O. Kretsinger*, for plaintiff in error;

Church property which is used exclusively for religious purposes is not exempt under section 2, article 9, of the constitution, supplemented by section 2, article 1, chapter 77, Compiled Statutes, from special assessments for local improvements in cities of the second class having more than five thousand and less than twenty-five thousand population. (*City of Big Rapids v. Board of Supervisors of Mecosta County*, 58 N. W. Rep. [Mich.], 358; Dillon, Municipal Corporations, secs. 761, 773, 777; *Worcester County v. City of Worcester*, 116 Mass., 193; *City of Hartford v. West Middle District*, 45 Conn., 462; *Board of Improvement v. School District of Little Rock*, 19 S. W. Rep. [Ark.], 969; *Matter of the Mayor*, 11 Johns. [N. Y.], 77; *Mayor and City Council of Baltimore v. Proprietors of Green Mount Cemetery*, 7 Md., 517; *State v. City of Newark*, 27 N. J. Law, 187; *Trustees of Illinois-Michigan Canal v. City of Chicago*, 12 Ill., 406; Cooley, Taxation, 147, 606; 2 Desty, Taxation, p. 1235; *Northern Liberties v. St. John's Church*, 13 Pa. St., 104; *Emery v. San Francisco Gas Co.*, 28 Cal., 346; *City of Chicago v. Baptist Theological Union*, 2 N. E. Rep. [Ill.], 254; Elliott, Roads & Streets, pp. 370, 376; *Municipality No. Two v. Dunn*, 10 La. Ann., 57; *New Jersey M. R. Co. v. Jersey City*, 42 N. J. Law, 97; *Bleecker v. Ballou*, 3 Wend. [N. Y.], 263; *New Jersey Railroad & Transportation Co. v. City of Elizabeth*, 37 N. J. Law, 330; *Brewster v. City of Syracuse*, 19 N. Y., 116; *Protestant Foster Home Society v. Mayor of Newark*, 36 N. J. Law, 478; *Buffalo City Cemetery v. City of Buffalo*, 46 N. Y., 506; *Roosevelt Hospital v. Mayor of New York*, 84 N. Y., 108; *Illinois Central R. Co. v. City of Decatur*, 126 Ill., 92; *Sheehan v. Good Samaritan Hospital*, 50 Mo., 155; *City of Lafayette v. Male Orphan Asylum*, 4 La. Ann., 1; *Zabel v. Louisville Baptist Orphans' Home*, 17 S. W. Rep. [Ky.], 212; *City of Atlanta v. First Presbyterian Church*, 86 Ga.;

730; *Boston Seamen's Friend Society v. Mayor and Alder-men of Boston,* 116 Mass., 181; *City of Philadelphia v. Contributors to Pennsylvania Hospital,* 22 Atl. Rep. [Pa.], 744; *In the Matter of College Street,* 8 R. I., 474; *Lockwood v. City of St. Louis,* 24 Mo., 20; *City of Raleigh v. Peace,* 110 N. Car., 34; 2 Lawson, Rights, Remedies & Practice, sec. 633; Boone, Law of Corporations, sec. 90, note 11; 2 Beach, Public Corporations, secs. 1172, 1173; *Winona & St. P. R. Co. v. City of Watertown,* 44 N. W. Rep. [S. Dak.], 1072; *City of Sioux City v. Independent School District of Sioux City,* 55 Ia., 150; *Kemper v. King,* 11 Mo. App., 116; *Flint v. Webb,* 25 Minn., 93; *White v. City of Bloomington,* 94 Ill., 604; *Sigler v. Fuller,* 34 N. J. Law, 227; *Sloan v. Beebe,* 24 Kan., 343; *Lufkin v. City of Galveston,* 58 Tex., 545; *Adams County v. City of Quincy,* 22 N. E. Rep. [Ill.], 624.)

*Murphy & Le Hane, contra,* cited: *Von Steen v. City of Beatrice,* 36 Neb., 421.

RYAN, C.

This proceeding was brought in this court to review the ruling of the district court of Gage county upon a general demurrer to the petition of the defendant in error. In this petition it was alleged that the plaintiff therein named was a corporation existing and owning property on which was its house of worship in the city of Beatrice; that the city of Beatrice, the defendant named in the petition, was a public corporation duly organized and existing under and by virtue of the laws of the state of Nebraska providing for the incorporation of cities of the first-class having less than twenty-five thousand and more than ten thousand inhabitants. . Omitting the general averments which would naturally be expected in such a petition, it is sufficient to say that the special matters as to which relief was sought were, that, on August 27, 1889, the city of Beatrice by

ordinance created paving district No. 4, which included within its prescribed boundaries the real property of the plaintiff on which was situate its church, which was used exclusively for religious purposes; that on October 22, 1890, the said city passed an ordinance levying and assessing an assessment and tax on said district and all the real estate situated within its limits, the amount levied and assessed against the real property of plaintiff being $206.61, payable in instalments, one-tenth in each year after its assessment, except that the first one-tenth fell due in fifty days from the passage, approval, and publication of the last above named ordinance. It was alleged in the petition that for some of these instalments the real property of the plaintiff had been sold at tax sale, and purchased by Alexander Q. Smith, who, unless prevented, in due time would apply for and procure a deed to plaintiff's aforesaid real property. There were like averments made as to curbing ordered and sidewalks constructed along plaintiff's property, the cost of which was specially assessed against said property, and it was averred that if not prevented, the title to said property would be clouded by a tax deed issued in pursuance of sale for the satisfaction of the above special assessments. The sole ground upon which the right to relief was based was, that the property sold at tax sale was church property, used exclusively for religious purposes. Upon the overruling of the demurrer to the petition a decree was entered in accordance with its prayer, and the cause was brought to this court for review of the ruling of the district court on the aforesaid demurrer. Incidentally several questions might be considered,—for instance, the rights of Smith as a purchaser,—but as the most vital question presented involves the right of exemption of church property from liability for assessments for the cost of paving and curbing and of constructing sidewalks on adjacent streets, that question alone will be considered.

The case of *Von Steen v. City of Beatrice*, 36 Neb., 421,

was considered solely with reference to chapter 14, Session. Laws of 1887, and it was held that the chapter named operated to repeal all former acts on the same subject. In the course of the opinion delivered by POST, J., he referred to the statutory provision for special assessments for public improvements, as in the case of paving of streets adjacent thereto, and remarked that this question had never been presented to the courts in this state, and that this court found upon the subject an irreconcilable conflict of opinion. Following these observations, this was his language: "It is provided by section 2 of our revenue law (ch. 77, Comp. Stats.) that 'the following property shall be exempt from taxation in this state: First, the property of the state, counties, and municipal corporations, both real and personal; second, such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery, and charitable purposes.' Similar provisions have been construed as exempting the property mentioned therein from all contributions in the nature of taxation, whether imposed for public purposes under general revenue laws or for local improvements such as are denominated special assessments. Opposing this view is the doctrine, quite as well sustained by authority, that the immunity from taxation relates only to general, state, county, or other municipal taxes, and not to assessments for improvements made under special laws or ordinances and local in their nature. It is not deemed necessary to review the cases cited in support of the different views by their respective advocates, since the solution of the question here presented depends upon a construction of the charter of the defendant city." The remainder of this opinion was devoted to the facts presented as governed solely by the provisions of the act of 1887 heretofore referred to.

For the reason that afterward, in *State v. Birkhauser*, 37 Neb., 521, NORVAL, J., questioned one of the conclusions reached in *Von Steen v. City of Beatrice, supra*, doubts as

to the thoroughness with which the last named case was presented have received considerable confirmation. In the opinion in the Von Steen case no reference was made to the provisions of our constitution, and as the brief filed by plaintiff in error in the case at bar ignores the constitutional bounds which must in such cases limit legislation, it is easy to believe that the Von Steen case was presented, and perhaps considered, without special reference to the constitution. If the statute of 1887 can be fairly construed so that its provisions harmonize with those of the constitution, such a construction should undoubtedly prevail rather than one which creates an irreconcilable conflict between them. With a view to showing how harmony can exist I quote from article 9 of our constitution section 6 and that portion of section 2 pertaining to our purpose, which are as follows:

"Sec. 2. [*Exemption from Taxation.*]—The property of the state, counties, and municipal corporations, both real and personal, shall be exempt from taxation, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery, and charitable purposes, may be exempted from taxation, but such exemptions shall be only by general law," etc.

"Sec. 6. [*Municipal Taxes.*]—The legislature may vest the corporate authorities of cities, towns, and villages with power to make local improvements by special assessment, or by special taxation of property benefited. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same."

It is clear that section 2 prescribes the rule which must govern in the assessment of taxes properly so designated. Protected by the provisions of a statute sanctioned by this section, the property of churches used for religious purposes is exempted from the general burden of taxation. It does

not necessarily result from this, however, that such property can by statute be exempted from special assessments on account of special benefits conferred by public improvements of the streets and sidewalks adjacent thereto. In *State v. Dodge County*, 8 Neb., 124, this court had under consideration section 6, above quoted. In the opinion of Maxwell, C. J., there were reviewed kindred constitutional provisions of other states. For instance, he said that the constitution of Arkansas provides that "all property shall be taxed according to its value. * * * The general assembly shall have power to tax merchants, bankers, pedlers, and privileges in such manner as may be prescribed by law. * * * It was held that this provision did not prohibit the legislature from authorizing counties and incorporated towns to impose a tax upon billiard tables, ten pin alleys, taverns, groceries, and the like for municipal purposes and as a police regulation for the preservation of good order. (*Washington v. State*, 13 Ark., 752; Dillon, Municipal Corporations, sec. 592.)" In the above opinion was quoted a provision of the constitution of Ohio, that "laws shall be passed taxing by a uniform rule all moneys, etc., and also all real and personal property according to its true value in money." Another section quoted required the legislature to "provide for the organization of cities and incorporated villages by general laws and to restrict their power of taxation, assessment, borrowing money, contracting debts, and loaning their credit so as to prevent the abuse of such power." Referring to these provisions, Maxwell, C. J., remarked that it was held that "legislation authorizing cities and villages to levy special assessments for the purpose of improving streets upon real estate peculiarly and specially benefited and in proportion to such benefit was not repugnant to any provision of the constitution. (See, also, *City of Zanesville v. Richards*, 5 O. St., 589; *Baker v. City of Cincinnati*, 11 O. St., 534; *Exchange Bank of Columbus v. Hines*, 3 O. St., 1.)" Similar constitutional

provisions of the states of California, Indiana, Massachusetts, Mississippi, Missouri, Oregon, and Wisconsin were likewise reviewed in detail in this opinion, each sustaining the result above announced with reference to similar constitutional provisions. The consensus of these authorities is that an assessment to reimburse a municipal corporation for such benefit as it has conferred upon an adjacent lot by reason of pavements or sidewalks laid along side it is not an exercise of the power to tax in the generally accepted meaning of that term.

Section 6, article 9, of our constitution was again considered by this court in *Hanscom v. City of Omaha,* 11 Neb., 37. The opinion was delivered by Maxwell, C. J., who said: "The words 'by special assessment or by special taxation of the property benefited' [which occurred in the statute conferring powers upon cities of the class of Omaha] refer to and mean the same thing, viz., that special assessments may be made upon property to the extent of the benefits received by it. Taxation by special assessment differs from general taxation in this, that they can be imposed only to the extent of the special benefits received, while the benefits which the taxpayer receives in return for general taxation are the enforcement of the laws, protection to life and property, and such other benefits as are shared by the public at large. The principle which underlies special assessments is that the value of the property is enhanced to an amount at least equal to the assessment. This principle cannot be departed from without taking private property for public use."

In *Kittle v. Shervin,* 11 Neb., on pages 80 and 81, is reported the following language of Cobb, J., by whom the opinion of the court was written. He said: "In an important case lately argued in this court, involving a construction of the section above referred to [section 6, article 9, constitution], the court was undivided in the opinion that the provisions of said section applied to pre-

vious legislation, and that under them the corporate author-
ities of cities, towns, or villages could be vested with power
to levy and collect but two kinds of taxes, first, by special
assessment or by special taxation (two ways of expressing
the same thing) of property benefited—this only for pur-
poses of local improvements; second, for all other corporate
purposes to assess and collect taxes, but such taxes to be
uniform in respect to persons and property within the juris-
diction of the body imposing the same. (*Hanscom v. City
of Omaha, ante,* p. 37.)"

This court has, therefore, recognized a distinction be-
tween taxation for general purposes and assessments on ac-
count of special benefits conferred to adjacent property. If
no such difference in fact existed, the provisions of section
1, article 9, of our constitution would absolutely prohibit
the assessment of lots on account of benefits conferred by
public improvements adjacent thereto, for, except as his
property is specially benefited, the adjacent lot owner has
no more concern with such improvements than has any one
else of the general public. He can only use the improved
highway in the same way and for the same purposes as may
any other individual. On him would be inflicted the same
punishment for obstructions placed thereon as would be
visited upon an utter stranger in the city for the same of-
fense, notwithstanding the fact that with his own private
means alone this portion of the highway had been rendered
fit for the use of the general public. If the special benefit
to his adjacent property presents no ground for its special
assessment, it is difficult to see how the legislature has pro-
vided for necessary revenue by levying a tax by valuation
so that (as required by section 1, article 9, of the constitu-
tion) each person shall pay a tax in proportion to the value
of his property. The exemptions provided by section 2,
article 9, of our constitution have reference solely to the
general tax by valuation provided in the immediately pre-
ceding section, and have no application whatever to the

special assessment or special taxation of property benefited by local improvements as contemplated by section 6 of the same article. The closing sentence of section 6, just referred to, is significant, for, following the provision that the legislature may vest the corporate authorities of cities, towns, and villages with power to make local improvements by special assessment or by special taxation of property benefited, said sentence provides that "for all other corporate purposes all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same." The last sentence quoted clearly excludes from the provision requiring uniformity with respect to persons and property the special assessment or special taxation contemplated in the first sentence of the same section. These considerations strongly countenance the assumption that the framers of our constitution had in mind the distinction afterwards recognized by this court between the power of general taxation and the power to make payment for local improvements by special assessments, and that, by sections 1 and 2 of article 9 of the constitution, one general rule, with its exception, was provided, while by section 6 of the same article, another general rule, with its exceptions, was laid down,—each of these clauses, with its attendant exception, being independent of the other. Any other construction than this creates a confusion between the two clauses just distinguished and gives but little other than confusing force to the last clause of section 6, for thereby, except in so far as section 1 and section 6 are in hopeless conflict, the latter is but the useless reiteration of the former. This construction should therefore be avoided, if, consistently with the language of these sections, a more reasonable one can be found which gives a harmonizing effect to all provisions of both. This result is attained by excluding from section 6 the exemptions declared in section 2 of article 9 of the constitution, and this is be-

lieved to be the true construction of these sections. The construction of chapter 14, Session Laws of 1887, should have been conformably to that given the sections of article 9 of our constitution above discussed. It follows that the contention of the defendant in error, that its property used for religious purposes was exempt from special assessments or special taxation on account of special benefits conferred upon said property by the construction of sidewalks and curbing and the laying of pavements on an adjacent street, was without sanction of either the statutes or the constitution of this state. The judgment of the district court is therefore

REVERSED.