NEMAHA VALLEY DRAINAGE DISTRICT, APPELLEE, v. THOMAS B. STOCKER, APPELLANT.

FILED JANUARY 3, 1912. No. 16,625.

1. **Drains: ASSESSMENTS.** In levying an assessment by a drainage district, that portion of land taken for the right of way of the ditch should not be assessed to the landowner from whose premises it is taken.

2. ———: ———. In such assessments exact nicety of apportionment is impossible. If the result of the improvement will be to specially benefit each tract or subdivision as a whole, it is immaterial whether within its limits there are portions which are not susceptible of cultivation, and the value of which, if taken by themselves and disconnected from the remainder of the tract, would not be enhanced.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Reversed.*

*E. B. Quackenbush, T. R. P. Stocker* and *Fred G. Hawxby,* for appellant.

*Kelligar & Ferneau, contra.*

LETTON, J.

From an assessment upon the appellant's land to pay the cost of the improvement in Nemaha Valley Drainage District No. 2, of Nemaha county, this appeal was taken. Many of the errors assigned are disposed of by the opinion in *Nemaha Valley Drainage District v. Marconnit*, p. 514, *post*, and will not be again considered.

The channel of the main drainage ditch, as planned, crosses the appellant's land diagonally. A proposed lateral drainage ditch also crosses his land in much the same direction. Appellant filed specific objections before the board of supervisors to the engineer's report and to the proposed assessment. The percentage of assessment upon one tract was reduced from 100 to 50 per cent., but in other respects the report of the engineer was confirmed. The district court affirmed the action of the board.

The appellant contends that he cannot be assessed for that portion of his land included in the right of way taken by the drainage district for the purposes of the improvement. The evidence shows that the land proposed to be taken by the district according to the plan of the engineer amounts to 27.85 acres. It is clear that, if the land is taken from appellant by the construction of the ditch, he ought not to be compelled to pay for benefits to property of which he is deprived by the very act of construction. We think this was erroneous, and the appellant is entitled to be relieved from the assessment to the extent that it is based upon land actually appropriated by the district.

Another objection made by appellant is that he is wrongfully assessed for that portion of his land which is occupied by the old channel of the Nemaha river, for the reason that this land cannot be benefited by the improvement. The plat shows that the Nemaha river is a winding stream in its course along the boundary of a part of appellant's land. The evidence does not show whether

the several tracts, according to the quantities of land marked on the plat and assessed to appellant, extend to the thread of the stream, but, even if they do, it is clear that it would be almost impracticable to separate the land covered by the tortuous course of the channel from the remainder of each of the respective tracts for the purpose of assessment. The benefits must be assessed as nearly as may be just under all the circumstances surrounding each tract. Exact nicety of apportionment as to each square yard or square rod is impossible. If the result of the improvement will be to specially benefit each tract or subdivision as a whole it is immaterial whether within its limits there are portions which are not susceptible of cultivation and the value of which if taken by themselves and disconnected from the remainder of the tract would not be enhanced.

With respect to the contention that the board assessed the appellant for benefits to a portion of his land included in the public highway, the record shows that two acres were deducted for the land occupied by the road to the south of his land. There has been no evidence called to our attention showing that the land occupied by the "Half-breed road" was included in the assessment. The plat shows the boundary line of his land to be the west line of the Half-breed Indian reservation, and in the absence of proof to the contrary we must presume that the land occupied by the road is not within the tracts assessed.

The appellant asked that the corporation furnish and maintain permanently a bridge over the new channel or ditch, or, in lieu thereof, pay him $5,000 damages for the cutting of his land by the new channel. He also complained of other damages caused by the main and lateral ditches cutting the land into small pieces so as to render portions inaccessible and creating waste, trouble and delay in farming. In the opinion in *Nemaha Valley Drainage District v. Marconnit,* p. 514, *post,* the rule with regard to the ascertainment of damages to land taken or damaged

by the construction of such an improvement as this is stated, and we think that opinion covers and disposes of these contentions. The appellant is not deprived of his right to such damages by the failure to be awarded them in these proceedings.

The other points covered by this appeal we believe to be settled by the opinions in *Nemaha Valley Drainage District v. Marconnit*, p. 514, *post*, *Nemaha Valley Drainage District v. Skeen*, p. 510, *post*, and *Nemaha Valley Drainage District v. Higgins*, p. 513, *post*, and they will not be further considered.

The judgment of the district court is

REVERSED.

FAWCETT, J., not sitting.