NEMAHA VALLEY DRAINAGE DISTRICT, APPELLANT, V. THOMAS B. STOCKER, APPELLEE.

FILED APRIL 3, 1914.   No. 18,262.

1. Costs: REVIEW: BILL OF EXCEPTIONS. On appeal from a judgment of the district court on a motion to retax costs on account of the inclusion of unnecessary matter in the bill of exceptions, record examined, and judgment of the district court sustained.

2. ———: INTEREST. In such a case interest should not be computed on the amount paid for the bill of exceptions before the entry of the final judgment on the mandate.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. Affirmed.

Kelligar & Ferneau, for appellant.

T. R. P. Stocker, contra.

BARNES, J.

This is an appeal from an order of the district court for Nemaha county, retaxing the costs in the case of Nemaha Valley Drainage District v. Stocker, 90 Neb. 507.

When the mandate was received by the district court, the former judgment having been reversed, the costs were

taxed to the drainage district, the appellee. A dispute having arisen over the amount which should be taxed for the bill of exceptions, the appellant, Stocker, filed a motion to retax that item of costs. The motion was resisted by the drainage district. On the hearing Stocker produced his affidavit, which showed that in order to perfect his appeal to this court he was required to pay, and did in fact pay, the court reporter the sum of $175 for the bill of exceptions. His affidavit was received in evidence, and thereupon Stocker claimed that he was entitled to have refunded to him the $175 which he paid for the bill on February 1, 1910, with interest at 7 per cent. from that date. The drainage district produced the affidavit filed by Stocker in the original drainage proceeding, the original bill of exceptions on which the cause was heard in this court, and the oral testimony of the court reporter who took the evidence in the district court, and who furnished the bill of exceptions. By the evidence it was shown that the cases of Thomas B. Stocker, George F. Marconit, Benjamin F. Skeen and H. F. Higgins, all separate cases against the drainage district, were tried together in the district court, and it was agreed that if either of the parties desired a bill of exceptions the original exhibit 12 and the transcript exhibit 2 might be used as a part of the bill without recopying the original exhibits. It was further shown that it would cost $18 to reproduce the other evidence which was not required to be duplicated. Thereupon both parties rested, and the court, on consideration of the evidence and facts relating to the appeal, ordered that the costs be retaxed, and that Stocker recover of the drainage district the $175 he was required to pay for the bill of exceptions in order to perfect his appeal, with interest thereon from November 22, 1912, the date of the entry of the final judgment in said cause.

It is contended by the drainage district that it had furnished certain of the exhibits used in evidence on the trial in the district court, and it should not be required to pay for furnishing the copies thereof which the reporter pre-

pared in order to complete the bill of exceptions. It was not disputed, however, that Stocker had been required to pay for the same in order to procure the bill, and it is not clear from the evidence that it was unnecessary to include the exhibits therein. Therefore, we are of opinion that Stocker was entitled to have the amount paid for the bill refunded to him, with interest, as provided by the order of the district court.

On the cross-appeal it was contended that Stocker was entitled to interest from the time when he paid for the bill of exceptions. Answering this contention, it is sufficient to say that it would be impossible to determine which party would be required to pay the cost of the bill of exceptions before the cause was finally decided by this court, and until that time the money would not be due and payable to the successful party to the litigation. It follows that interest on that item of the costs should be computed from the entry of the final judgment in the district court.

As we view the record, the judgment of the district court is right, and is

AFFIRMED.

FAWCETT, J., not sitting.