IN RE PROCEEDINGS OF BOARD OF SUPERVISORS OF DRAINAGE
DISTRICT NO. 1 OF LINCOLN COUNTY, NEBRASKA.
DRAINAGE DISTRICT NO. 1, APPELLEE, V. VILLAGE OF
HERSHEY, APPELLANT.

15 N. W. 2d 337

FILED JULY 28, 1944. No. 31790.

*Mothersead & Wright* and *J. T. Keefe,* for appellant.

*Beeler, Crosby & Baskins, contra.*

Heard before SIMMONS, C. J. PAINE, MESSMORE, YEA-GER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

The village of Hershey appealed from an assessment made by the board of supervisors of Drainage District No. 1, Lincoln county, Nebraska, against the streets and alleys of the village. The original assessment made December 17, 1921, was set aside and declared void by this court. *Drainage District No. 1 v. Village of Hershey,* 139 Neb. 205, 296 N. W. 879. Thereafter, the board of supervisors of Drainage District No. 1 proceeded, as required under section 31-429, Comp. St. 1929, to reassess the benefits to the streets and alleys of the village.

The drainage district was organized in 1921, pursuant to and in accordance with article 4, ch. 19, Rev. St. 1913, now article 4, ch. 31, Comp. St. 1929. The essential statutory provisions of article 4 may be summarized as follows:

Section 31-434, Comp. St. 1929, provides in part: "When any * * * drainage improvement, located and established under this article * * * drains, or protects either in whole or in part any street, highway, * * * or benefits any * * * streets, * * * the board of supervisors shall apportion and set off to the * * * village, if a street or alley, a portion of

the cost and expense of the whole drainage improvements; the same as to the private individuals and in proportion to the benefits conferred by such drainage improvements on such street, * * * ."

Section 31-414, Comp. St. 1929, provides: "No assessment shall be made for benefits to any lands upon any other principle than that of benefits derived, but all assessments shall be made upon the basis of benefits derived and secured by reason of the construction of such improvements and works in affording drainage, or giving an outlet for drainage, protection from overflow, and damage from water." And section 31-415, Comp. St. 1929, reads in part: "The benefits to public streets and highways, * * * shall be assessed according to the increased efficiency and value added thereto by reason of, and the protection derived from the aforesaid drainage works and improvements."

Section 31-428, Comp. St. 1929, provides in part: "Upon the filing of the transcript and bond the district court shall have jurisdiction of the cause, and the same shall be docketed and filed as in appeals in other civil actions to such court, and the court shall hear and determine all such objections in a summary manner as a case in equity, and shall increase or reduce the amount of benefit on any tract where the same may be required in order to make the apportionment equitable. All objections that may be filed shall be heard and determined by the court as one proceeding and only one transcript of the final order of the board of supervisors fixing the apportionments or benefits shall be required. The clerk of the district court shall forthwith certify the decision of the court to the board of supervisors who shall take such action as may be rendered necessary by such decisions."

The trial court, in consideration of the foregoing statutory provisions and the evidence adduced, found that the assessment was only against the streets and alleys of the village, was not excessive, was made according to the relation of the total benefits received by the streets and alleys in relation to the total benefits in the district, and was not violative of the Constitution of Nebraska.

A judicial hearing in equity, to determine the amount or legality of special assessments for drainage improvement benefits accruing to streets and alleys of a village, located in a drainage district, is constitutional. See *Drainage District No. 1 v. Richardson County,* 86 Neb. 355, 125 N. W. 796.

Appellant contends the court erred in failing to hold that section 31-434, Comp. St. 1929, in so far as it attempts to make a village liable for benefits to streets and alleys for drainage improvement within a drainage district, is void because such section is in contravention of section 7, art. VIII of the Constitution, which provides in part: "The Legislature shall not impose taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes."

In determining this question, it is well to have in mind the fundamental purpose of drainage improvement which is that it will be conducive to the health, convenience and welfare of the public. *Darst v. Griffin,* 31 Neb. 668, 48 N. W. 819; *County of Dodge v. Acom,* 61 Neb. 376, 85 N. W. 292.

It was held in *Drainage District No. 1 v. Richardson County, supra,* that drainage is a subject of general and public concern, the promotion and regulation of which are among the most important of governmental powers, duties and functions.

In the foregoing case which, in principle, is somewhat analogous to the situation presented in the instant case, the appellant attacked the power of the drainage district to collect from any political subdivision of the state any sum of money for benefits accruing to a highway from the improvement in question, and contended that such power could not be granted by the legislature, citing section 2, art. IX of the Constitution of 1875, now section 2, art. VIII of the present Constitution, which exempts property of the city and county from taxation, and that said section and article are not in conflict with section 6, art. IX, now section 6, art. VIII of the Constitution, vesting the corporate authorities of villages with power to make local improvements

by special assessments, or by special taxation of property benefited.

While the *Richardson County* case does not involve section 7, art. VIII of the Constitution, it bears on the legal proposition here presented. In the opinion the court said (p. 358) : "The theory of that provision (Const. art. IX, sec. 2) is that all such property belongs to the state, and it would be an idle proceeding for the state to collect a tax levied and assessed upon its own property. It has long been settled in this state that this section has reference only to taxes assessed by general valuation for general purposes, and has no reference to special taxation of property benefited by the creation of local improvements. *City of Beatrice v. Brethren Church,* 41 Neb. 358.

"The argument of appellant's counsel, however, is that the county is the sole owner and proprietor of the highways assessed, and therefore it should not be required to assess and collect taxes upon its own property. We think this idea is a mistaken one. In *Krueger v. Jenkins,* 59 Neb. 641, it was said: 'A county does not hold the legal title to country roads within its borders; it has no powers of disposition over them. * * * In performing the duties with which it is charged in connection with them, it acts as an agent of the state, and in the interests of the general public.' We can see no reason why the county acting for the general public should not be required to pay for the benefits accruing to the public roads. It is charged with the duty of constructing and maintaining such roads in a suitable condition for public travel, and, if the improvement contemplated by the drainage district materially aids in the performance of that duty, there would seem to be no good reason why the county should not pay for the benefits thus conferred upon it."

There is no difference in applying the same logic and reasoning to a village with reference to its streets and alleys. The drainage district materially aided in the performance of the duties of the village in constructing its streets, maintaining them, and caring for its alleys, in a suitable condi-

tion for the benefit of the public. There should be no good reason why the village, as such, should not pay for the benefits thus conferred upon it by the drainage district.

We hold that the act, as it applies to streets and alleys of villages, within the contemplation of section 31-434, Comp. St. 1929, is constitutional.

Appellant contends the court erred in finding that the assessment on streets and alleys was a correct and fair assessment of the benefit units to the streets and alleys of the village. In this connection the appellant contends that the district engineer used the same form and considered the same matters for the reassessment that were used in the first assessment, held void by this court. *Drainage District No. 1 v. Village of Hershey, supra.* In such case the district court found that the method of assessment used against the village was such a departure from the method prescribed by law as to render void such assessments as were made against the village and rendered the action by which such assessments were made open to collateral attack. Our court affirmed this holding. A review of the form of assessment used in the instant case discloses that it is similar to the assessment form used in the first case, except the finding with reference to the number of benefit units as to the streets and alleys and the elimination of the word "acres." This assignment of error requires a review of the evidence.

The engineer for the drainage district testified he was employed to reassess certain tracts of land, and also the streets and alleys of the village. To do so, he first obtained all the official records, maps and documents, visited the village, made a physical examination and observation of the conditions, and prepared a report which he filed with the secretary of the district. He ascertained the reduction in the water table and concluded that the benefits accruing to the streets and alleys by virtue of the drainage was the elimination of the problem of perpetual maintenance of streets, perpetual equipment and subgrading. Previous to the drainage improvement, the streets and alleys were in

an unsuitable condition, and the drainage made more suitable conditions for construction and maintenance. In formulating the reassessment, he took into consideration the fact that the district, as a whole, had a mile of road for every 308 acres. The street and alley mileage totaled an average of one mile of street for every 57 acres. He likewise considered the functions of the streets and alleys in comparison with the normal functions of the roads in the rural district and compared them with the assessments and benefits made to the Lincoln highway, which is north of the village, running east and west. He testified he compared the streets and alleys in the village with the highways, and the original benefits assessed to the highways from these were 2,800 units "for a drainage accomplishment caused by the reduction in the water table of 2.8 feet, which was the condition accomplished at Hershey, and considered then the use and occupancy of a street in the village, assigned the village the benefit of that highway for comparable water table reduction, this being assigned in consideration of the use and occupancy factor of the streets in the village and the traffic density which would be imposed on each in comparison with those of the highway." He determined the total units for alleys to be 2.17 miles at 1,900 units per mile. The first assessment contained the same alley mileage, and the units were fixed at 2,000 benefit units per mile. The district engineer accomplished such finding by figuring the average width of the alleys, in comparison with the average width of the streets, making a total of 4,123 benefit units for the alleys. He stated that the total units for the streets constituted 7.4 miles at 5,600 benefit units per mile (the same in mileage length as in the first assessment, but a reduction of units from 9,000 benefit units per mile), making a total for the assessment of 41,440 benefit units for the streets, and a total for the streets and alleys combined of 45,563 benefit units.

The district engineer, in order to determine whether or not the benefits were equitable, made three other computations to form a basis of comparison, which we need not set

out. It is the appellant's contention that, by such comparisons, and the engineer using them and referring to a formal assessment, meaning the assessment made with respect to the streets and alleys, the engineer was taking into consideration property not within the drainage district, and, as a consequence, making the assessments in violation of the court's judgment in *Drainage District No. 1 v. Village of Hershey, supra.* The evidence discloses, however, that such matters were for comparison only, and the assessments were specifically made against the streets and alleys. While there was little difference in the form used by the engineer in the reassessment from that formerly used in the original assessment, the form used is not material. The engineer used the unit and benefit system. The object was to find the proportionate part of the cost of the project which should be paid for the streets and alleys of the village. To do so, the engineer had to take into consideration what the units were on such assessments, to determine a proper apportionment of benefits to be assessed against the streets and alleys.

Exhibit 2, made by the engineer testifying for the village and received in evidence, discloses the following: Streets platted within the corporate limits of the village used by the public, 46.46 acres, mileage length, 5.94; streets platted within the corporate limits of the village not used by the public, 11.96 acres, mileage length, 1.60; streets platted outside the corporate limits of the village not used by the public, 7.15 acres, mileage length, 0.77; alleys platted within the corporate limits of the village used by the public, 3.07 acres, mileage length, 1.33; alleys platted within the corporate limits of the village not used by the public, 2.06 acres, mileage length, 0.84; alleys platted outside the corporate limits of the village not used by the public, 1.62 acres, mileage length, 0.67.

Exhibit 2 indicates that the streets platted within the corporate limits of the village constitute 7.54 miles; the alleys platted within the village, 2.17 miles. The streets and alleys outside of the corporate limits, shown on exhibit 2,

were not taken into consideration in making the assessment. A witness for the village testified that exhibit 2 correctly indicated the streets and alleys of the village that were open to the public and in use from and after the year 1918. The result of the reassessment from the engineer's report shows that it amounted to 64.5 per cent of the first assessment or a reduction of 35.5 per cent. The village contends that there was a reduction on other lands within the drainage district of 62,634 units, so that the reassessment is 71.7 per cent of the first assessment, or a reduction of 28.3 per cent.

The trial court found that the reduction of the benefit units on other lands in the district was not involved in this action, for the reason that the reassessment of the streets and alleys was to take the place of the void assessment and dates back to December 17, 1921, at the time the original assessment of benefits was made. Consequently, if the reassessment of the other lands is void, then the assessment as against the streets and alleys is not in any manner affected. In this finding the trial court was correct.

The appellant contends that the burden of proof is on the drainage district, and this is conceded by the district. The contention is that section 31-415, Comp. St. 1929, provides the method of making the assessment, and appellant also cites section 31-416, Comp. St. 1929, which provides:

"The engineer shall also classify all lots, tracts, lands, and other property according to the benefit that each may receive from such drainage improvement, and the lots, tracts and lands receiving the greatest percentage of benefits shall be classified at one hundred,—those receiving a less percentage of benefits at such less number as its benefit may determine. The property of public and private corporations may be classified in a list by themselves, each according to the relation its total benefits bears to the total benefit in the district."

In support of its contention the appellant states: "There is not a scintilla of testimony as to the increased efficiency of the streets and alleys or increase in the value thereof.

There is no attempt to justify the apportionment of benefits to the total benefits in the District * * * ."

We are not in accord with appellant's contention in such respect. The district engineer took into consideration several factors, used and considered them in computing the assessment units, taking the total acreage benefited in the district of 8,676.52; total benefit assessment units, 670,553; average benefit assessment units per acre, 77.00; benefit assessment units per acre applicable to the village, 85.00; gross acreage of the village in 1921, 545 acres, and the other elements as heretofore set out.

In *Nemaha Valley Drainage District v. Stocker*, 90 Neb. 507, 134 N. W. 183, the court held: "In such assessments exact nicety of apportionment is impossible." See, also, *Nemaha Valley Drainage District v. Marconnit*, 90 Neb. 514, 134 N. W. 177.

We conclude that the assessment of benefit units to streets and alleys of the village of Hershey for drainage improvement within the drainage district is in conformity with article 4, ch. 31, Comp. St. 1929, and that the trial court did not err in decreeing that the village shall be assessed on the basis of 45,563 benefit units as of date of December 17, 1921, upon the streets and alleys of said village, and in further decreeing that each benefit unit as of that date shall be set at the value of 30.1556 cents.

AFFIRMED.