CONSUMERS PUBLIC POWER DISTRICT, A PUBLIC CORPORATION AND POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLANT, v. VILLAGE OF HALLAM, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

95 N. W. 2d 361

Filed March 13, 1959. No. 34532.

*Healey, Davies, Wilson & Barlow,* for appellant.

*Wagener, Marx & Galter,* for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for a judgment declaring that Consumers Public Power District is not subject to nor liable for the payment of an occupation tax levied by the village of Hallam on the gross revenues derived from the sale of electricity within the village. A demurrer to the amended petition was sustained and Consumers stood on its petition. From a judgment of dismissal Consumers has appealed.

The case is similar to Consumers Public Power Dist. v. City of Lincoln, *ante* p. 183, 95 N. W. 2d 357, with one exception. In the City of Lincoln case an occupation tax was levied and being paid by the Iowa-Nebraska Light & Power Company when it transferred its properties to Consumers. In the instant case the village of Hallam had no ordinance providing for the levy of an occupation tax until after Consumers acquired the property of Iowa-Nebraska in the village of Hallam. This is asserted as a factual difference requiring a result different from that at which we arrived in the City of Lincoln case.

The case is controlled by Consumers Public Power Dist. v. City of Lincoln, *supra,* except for the one dissimilar fact. We shall discuss only the one distingushing feature in this case.

The provision of section 70-651, R. R. S. 1943, to the effect "that such district as long as it shall continue to be the owner of such property, shall annually pay out of its revenue, to the State of Nebraska, county, city, village and school district in which such public utility property is located, in lieu of taxes, a sum equal to the amount which the state, county, city, village and school district received from taxation, including occupation taxes, from such property or from the person, firm or corporation owning the same during the year immediately preceding the purchase or acquisition of such property by such power district" means that the amount to be paid in lieu of taxes shall be in lieu of all taxes, including occupation taxes, which have been or may in the future be levied. The amount paid in lieu of taxes is in lieu of any such taxes that might otherwise be levied in the future and precludes the levy of all taxes within the scope of the provision. Payment in lieu of taxes is in effect a substitute for the power to tax. To hold otherwise would defeat the plain intent of the Legislature as expressed in the act, which is contrary to the rules of statutory interpretation.

The defendant cites Drainage District No. 1 v. Village of Hershey, 145 Neb. 138, 15 N. W. 2d 337, as authority for the rule that one governmental entity has the power to assess and tax benefits in another. We point out that the case involved special benefits that were specifically authorized by statute to be assessed against cities within drainage districts. It is not in point. In the instant case the public corporation was relieved of the payment of taxes and an amount in lieu of taxes substituted in its stead by legislative authorization.

The trial court erred in sustaining the demurrer and dismissing the action. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

MESSMORE, J., participating on briefs.