INTERNATIONAL SECURITY LIFE IN-
SURANCE COMPANY, Appellant,

v.

Elmer B. GIBSON and Harold J.
Lawrence, Jr., Appellees.

No. 11709.

Court of Civil Appeals of Texas.

Austin.

Nov. 19, 1969.

Bryan & Amidei, Maurice Amidei, Fort Worth, for appellant.

O'QUINN, Justice.

This appeal is from an order overruling appellant's plea of privilege to be sued in Dallas County, but it concerns application of Rule 419, Texas Rules of Civil Procedure.

Appellees brought suit in Travis County for cancellation of a service mark registration, for injunction to prevent use of the mark by appellant, and for damages and other relief.

Appellant's plea of privilege was controverted on the theory appellant committed fraud in Travis County within the exception under paragraph 7, Article 1995, and on the theory that appellant trespassed in Travis County upon appellees' common law rights to the service mark.

Appellant by proper points complains that the trial court erred because (1) there was no pleading or proof of either fraud or trespass in Travis County, (2) there was no pleading or proof of damages resulting from a fraud or a trespass, (3) there was no proof that appellees owned the service mark, and (4) no proof that the mark was subject to protection as to appellees.

Appellant's brief contains statements pertaining to the support of these points on the facts which are unchallenged by appellees who have filed no brief in this cause. The statements of appellant are accepted as correct, without resort to the

statement of facts or the record. Rule 419, Texas Rules of Civil Procedure. Van Pelt v. McCabe, 236 S.W.2d 685, Tex.Civ. App., San Antonio, 1951, no writ; Davis v. Sturdivant, 306 S.W.2d 386, Tex.Civ. App., Dallas, 1957, no writ history; Brehmer v. City of Kerrville, 320 S.W.2d 193, Tex.Civ.App., San Antonio, 1959, no writ.

The order overruling the plea of privilege is reversed, and the cause is ordered transferred to a district court in Dallas County.

Reversed and rendered.