In re Lost Creek Drainage District of Kearney County, Nebraska.
Lost Creek Drainage District of Kearney County, Nebraska, appellant and cross-appellee, v. Harry Elsam et al., appellees and cross-appellants.
199 N. W. 2d 387

Filed July 7, 1972. No. 38084.

Meier & Adkins, for appellant.

Person, Dier & Person, for appellees.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

Per Curiam.

On petition of Lost Creek Drainage District for an order annexing tracts of land, the district court granted the petition in part. Lost Creek appeals, assigning error

relating to the tracts excluded. Landowners whose tracts were annexed cross-appeal. Lost Creek argues issue preclusion against all landowners except one on the ground of a prior determination that apportioned benefits to the tracts. It and each landowner assert a right to a favorable judgment on evidence pertaining to each tract.

Lost Creek petitioned to increase its size to an area approximately equal to 47 sections of land. The district court granted the petition for 16 tracts and denied the petition for 27 tracts. The latter are equal in area to 6.75 sections of land.

Lost Creek with the boundaries for which it petitioned, would be located in Townships 7 and 8 of Ranges 14, 15, and 16 in Kearney County. The area forms part of the watershed of the Platte River. See Nebraska Soil and Water Conservation Commission, Report on The Framework Study, Appendix C, Land and Water Resources Problems and Needs, Map Section, Key 6 (State Water Plan Publication No. 101C) (1971). The general lay of the land follows the slope of the Platte River from west to east. The improvement project, a ditch, is to run from the western part of the Lost Creek district slightly east of north across two sections within the district to the Platte River.

In 1967 a petition filed for formation of Lost Creek Drainage District included many of the tracts now in controversy. On objection by the owners, petitioners dismissed them without prejudice. The district court in its decree of organization accordingly excluded the tracts.

In May 1969 the board of supervisors of Lost Creek received the report of its engineer on apportionment of benefits. The report apportioned benefits to the 43 tracts outside the district. The board set the matter for hearing in June, and it notified all owners by mail. It also directed the filing of a petition in district court to annex the 43 tracts. On June 23, 1969, the board

confirmed the apportionment in the report of the engineer. Of the tracts in question some owners appeared at the board hearing. Others did not do so. Vera Jo Cueva appealed from the board decision to district court. In the annexation proceeding the decree of the court was rendered in December 1970.

Lost Creek contends that the apportionment decision, except the part against Cueva, precludes the issue whether the tracts will receive benefits for purposes of annexation. · The contention necessitates a summary of the statutory provisions for drainage districts organized in district court.

The district engineer is under a duty to report his apportionment of benefits to lands from the proposed improvement. If it appears that lands outside the district will receive benefits, the chairman of the board of supervisors must petition the district court for a decree of annexation. See §§ 31-317 and 31-320, R. R. S. 1943. Provisions for service of summons in civil cases control. See §§ 31-303 and 31-320, R. R. S. 1943. Provisions for tax levies refer to property within the district. See §§ 31-330, 31-332, and 31-364, R. R. S. 1943.

Statutory provisions for hearings on apportionments of benefits are specific. Within 10 days after the filing of the report of the engineer, the chairman of the board of supervisors is to call a meeting of the board to set the matter for hearing. The hearing date must be 40 to 50 days from the date of the meeting. The hearing is to cover all objections by an owner of any land upon which the engineer recommends an assessment of benefits. See § 31-323, R. R. S. 1943. Notification of the hearing is to be given by publication. The notification need not name the interested parties. A sufficient form refers to property "included within (here insert name of drainage district) . . . ," and the hearing in part is "to assess benefits to the property . . . in said drainage district and to classify the same . . . ." § 31-324, R. R. S. 1943. Appeals may be taken to district court which is

to sit in equity and determine all objections in a summary manner. § 31-329, R. R. S. 1943.

Section 31-367, R. R. S. 1943, since enactment in 1905, has provided: "Sections 31-301 to 31-369 shall be liberally construed to promote the drainage and reclamation of wet, overflowed or submerged lands. The establishment of said corporation, and the collection of assessments, shall not be defeated by reason of any defect in the proceedings occurring prior to the judgment of the court, or of the board of supervisors confirming and establishing the assessment of benefits and injuries, but such judgment shall be conclusive and final that all prior proceedings were regular and according to law. No person shall be permitted to take advantage of any error, defect, or informality, unless the person complaining thereof is directly affected thereby, at any stage of the proceedings. If the court or board of supervisors shall deem it just to release any person, or modify his assessment or liability, it shall in no manner affect the right or liability of any other person."

The statutory sections regulating procedures for annexation and apportionment of benefits are ambiguous. We construe them to limit the apportionment hearing to land within the district, our construction being subject to specific statutory exceptions for entities not present here. One reason for our conclusion is the incorporation of general provisions for service of summons in an annexation proceeding and the provisions for publication of notification of the apportionment hearing before the board of supervisors. Another reason is fairness to landowners. It is no answer that in this proceeding the district notified the landowners by mail or that some landowners appeared generally at the apportionment hearing. Statutory provisions may cut across rules of issue preclusion at common law. Cf. Vestal, Res Judicata/Preclusion, V-504 (1969). They have done so in this proceeding. The contention of Lost Creek is not well taken.

Land that will not be benefited by an improvement proposed by a drainage district ought not to be annexed to the district. See Petersen v. Thurston, 157 Neb. 833, 62 N. W. 2d 68 (1954).

It is impossible within the limits that we are justified in devoting to this opinion to set forth the evidence pertaining to drainage of each tract. Cf. Nemaha Valley Drainage Dist. v. Marconnit, 90 Neb. 514, 134 N. W. 177 (1912). Evidence relating to many tracts was in conflict and determinable by the credibility of the witnesses. The court at the trial said, "I have definitely made up my mind that I am going to view the premises . . . ." The journal entry of the judgment states: "All costs taxed to the plaintiff including a charge of Ten Dollars . . . to be paid to John E. Dier, for the use of his car in viewing the premises." We conclude that the district court viewed the tracts.

We determine that the cross-appeal should be sustained and the judgment of the district court modified to exclude the following tracts from the district: Northeast quarter of Section 19, Township 7, Range 16 (Ryan); northwest quarter of Section 18, Township 7, Range 15 (Schneider); north 50 rods of southwest quarter of Section 26, Township 8, Range 15, north one-half of southwest quarter and southwest quarter of southwest quarter of Section 29, Township 8, Range 15 (Lowe); and north one-half of southeast quarter of Section 29, Township 8, Range 15 (Smith); all in Kearney County, Nebraska.

On de novo review we affirm the judgment as modified.

AFFIRMED AS MODIFIED.