IN RE DRAINAGE DISTRICT NO. 10 OF KEARNEY COUNTY, NEBRASKA.
DRAINAGE DISTRICT NO. 10 OF KEARNEY COUNTY, NEBRASKA, ALSO KNOWN AS LOST CREEK DRAINAGE DISTRICT, APPELLANT, V. RUTH CANADAY ET AL., APPELLEES.

199 N. W. 2d 385

Filed July 7, 1972. No. 38083.

Meier & Adkins, for appellant.

Person, Dier & Person, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON JJ.

PER CURIAM.

This proceeding to apportion benefits to lands from a drainage project is related to Lost Creek Drainage Dist. v. Elsam, *post* p. 705, 199 N. W. 2d 387.

Landowners Johnson Farms, Ruth Canaday, and Vera Jo Cueva objected at the hearing before the board of supervisors of the district on apportionment. From the determination by the board they appealed to district court. The court decreased the percentage of benefits apportioned to some tracts of Johnson Farms and Canaday. It reversed the decision of the board against Cueva, finding no benefit to her land in accordance with

its judgment of even date in the related proceedings, Lost Creek Drainage Dist. v. Elsam, *supra*.

The district appeals. It contends that (1) issue preclusion applied to the lands of Johnson Farms and Canaday, and (2) on de novo review, we ought to reinstate the decision of the board of supervisors.

Evidence of benefits to the lands of Johnson Farms and Canaday was in conflict. The report and testimony of the engineer for the district was opposed by evidence of no benefit. No one testified to benefits anywhere between nothing, for practical purposes, and the amount stated by the engineer.

The lands of Johnson Farms and Canaday formed part of the original district. The district relies on rules of issue preclusion at common law. A variable in issue preclusion is identity of issues in the two trials. See Vestal, Res Judicata/Preclusion, V-15, V-190-96 (1969). Petersen v. Thurston, 161 Neb. 758, 74 N. W. 2d 528 (1956), decided that an adjudication of organization precluded landowners' contentions that their land was not benefited at all.

The difficulty with the argument of the district is that the issues are not the same, although overlapping exists. The Legislature has prescribed one procedure for determining the existence of any benefit, and another procedure for determining the amount of benefits to a given tract. Evidence of no benefit may possess probative value by implying that benefits are minimal. A court might infer from testimony to no benefits that the benefits would not exceed the minimum amount for inclusion of land within a district. Such an inference would not run afoul of rules of issue preclusion. The decreases adjudged by the court concededly apportioned substantial benefits to the lands of Johnson Farms and Canaday. The benefits were much greater than the minimum required for inclusion of land in the district.

The finding of the district court in an intermediate range between no benefits and the benefits found by

the engineer was permissible. Exactness of apportionment among landowners in a drainage district is impossible. See, Drainage Dist. No. 1 v. Village of Hershey, 145 Neb. 138, 15 N. W. 2d 337 (1944); Nemaha Valley Drainage Dist. v. Stocker, 90 Neb. 507, 134 N. W. 183 (1912). The situation is analogous to an eminent domain proceeding in which the amount of a jury verdict may fall between conflicting opinions of value. See Iske v. Omaha Public Power Dist., 185 Neb. 724, 178 N. W. 2d 633 (1970).

Of the three landowners only Canaday has filed a brief in this court. The district implies a concession of error by Johnson Farms and a discretion in this court to reverse on that ground. See, Berkshire v. Caley, 157 Ind. 1, 60 N. E. 696 (1901); International Security Life Ins. Co. v. Gibson, 448 S. W. 2d 204 (Tex. Civ. App., 1969). Under Rule 16 of this court in such a situation the appellant may proceed ex parte. No other part of our rules is relevant. It follows that failure of an appellee to file a brief in this court is not a concession of error. The record and the brief of appellant must be considered. Cf. Rule 31 (c), United States Courts of Appeals Rules; Teamsters, Chauffeurs, etc., Local 524 v. Billington, 402 F. 2d 510 (9th Cir., 1968).

Upon appeal to district court from a decision of the board of supervisors of a drainage district, all original objections made to the classification and assessment of benefits are heard and determined in a summary manner as in equity, and upon appeal to this court the cause is tried de novo. Petersen v. Thurston, *supra*. See, also, § 31-329, R. R. S. 1943.

When, as required by statute, the district engineer has examined the land and made his report to the board of supervisors of the drainage district which has approved the report, the report furnishes prima facie evidence of the classification and benefits, and in the absence of fraud, such evidence is sufficient to sustain the decision of the board unless the decision is overcome

by competent evidence to the contrary. Petersen v. Thurston, *supra*.

There was no fraud. The evidence raised questions of fact turning largely on the credibility of the witnesses. We affirm the judgment, except a land description, determining the amount of benefits to the tracts of Johnson Farms and Canaday. The north one-half of Section 6 of Johnson Farms lies in Township 7, not Township 8. The judgment respecting the Cueva land is affirmed.

AFFIRMED AS MODIFIED.